NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Leona T. Ryan, | : | |
| Plaintiff, | : | Hon. Dennis M. Cavanaugh |
| v. | : | **OPINION** |
| | : | Civil Action No: 10-5349 (DMC) (JAD) |
| Giesecke & Devrient America, Inc., | : | |
| Defendant. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Giesecke & Devrient America, Inc. ("Defendant") to partially dismiss the complaint of Leona T. Ryan ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to fed. R. Civ. P. 78, no oral argument was heard. For the reasons stated herein, Defendant's motion will be **granted** in part and **denied** in part.

### I.     BACKGROUND

Plaintiff was hired as a Field Engineer by Defendant on January 8, 2007. Following a training period, she was employed in their East Rutherford, N.J. facility. Plaintiff alleges that she was subject to numerous instances of sexual harassment during her employment. Plaintiff avers that she complained several times to her supervisor regarding unfair and discriminatory behavior, but that her supervisor did not respond to these complaints adequately and retaliated against her by refusing her the opportunity to work overtime. Although Plaintiff also complained to the director of Defendant's human resources department, Plaintiff alleges that her response was similarly inadequate. Although the conversation with human resources resulted in a mandatary sexual

harassment training for all employees at the East Rutherford Location, the harassment allegedly continued. Plaintiff injured herself in March of 2009 and was unable to work from March until June 1, 2009 as a result of her injury. On or around June 25, 2009, Plaintiff self- terminated her employment with Defendant as a result of the continued harassment.

There are two Equal Employment Opportunity Commission ("EEOC") Charges of Discrimination contained in the record and attached to Plaintiff's brief in opposition to the instant motion. (See Dock. 8-1). The first is dated July 20, 2009 ("Exhibit A") and the other is dated January 16, 2010 ("Exhibit B"). While Exhibit B has a correlating Notice of Charge that was issued to Defendant on January 20, 2010, Exhibit A does not. On August 23, 2010, the EEOC issued to Plaintiff a "Right to Sue Letter." Thereafter, a complaint was filed with the Federal District Court for the District of New Jersey on October 18, 2010 detailing four counts: Sexual Harassment under Title VII of the Civil Rights Act, Retaliation under Title VII of the Civil Rights Act, Sexual Harassment under the New Jersey LAD, and Retaliation under the LAD.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The complaint

must state " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Wilkerson v. New Media Tech. Charter School Inc.,* 522 F.3d 315, 321 (3d Cir.2008) ( *quoting Twombly,* 550 U.S. at 556). The Court of Appeals has recently made clear that after *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1955, 173 L.Ed.2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009) ( *quoting Iqbal,* 129 S.Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of *Twombly* and *Iqbal:* "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 210-11 ( *quoting Iqbal,* 129 S.Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir.2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949.

### III.     DISCUSSION

Defendant has moved the Court to dismiss Plaintiff's complaint pursuant to Title VII arguing that any claims of discrimination that occurred prior to March 1, 2009, the date on which she claimed

in her Equal Employment Opportunity Commission ("EEOC") Charge that the sexual harassment began, are administratively barred. Defendant further moves to dismiss Plaintiff's complaint pursuant to the New Jersey Law Against Discrimination ("LAD") for any discrimination she allegedly suffered prior to October 18, 2008 because such claims are barred by the applicable two year statute of limitations.

### A. Title VII Complaint

An EEOC Charge must be filed with the EEOC within 180 days of the discrimination complained of. If a charge was initially filed with a State or Local Agency which has the authority to intervene and grant relief from such practices, then the complainant has 300 days from the unlawful employment action to file with the EEOC. 42 U.S.C. §2000(e) - 5(e)(1).

The two EEOC Charges that Plaintiff submitted as attachments to her brief in opposition to Defendant's motion to dismiss show various inconsistencies regarding the dates of Plaintiff's alleged harassment. Moreover, the July 20, 2009 EEOC Charge which Plaintiff identifies as Exhibit A (see Dock. 8-1) appears to have been neither perfected nor filed with the EEOC. Further confusion is created by the fact that the July Charge lists the latest date of discrimination as March 31, 2008 while the attachment to the application lists May of 2009 as the latest discrimination date. Most notably, there is no EEOC stamp to indicate if, or when, the July Charge was received by the EEOC, and there is no documentation to suggest the Defendant was notified of the charges in Exhibit A. In addition, there is no indication that the EEOC either knew of or investigated any of the claims detailed in Exhibit A. Even though the Court must make all reasonable inferences in the light most favorable to Plaintiff, that standard does not require the Court to invent a date stamp or an EEOC case number where it is apparent that none exists. The missing documentation does not allow this

4

court to make the inference that the EEOC was able to investigate the charges alleged in Exhibit A. If the EEOC was never given the opportunity to address the allegations in a Charge, then the plaintiff cannot bring the suit based on those charges. 42 U.S.C. § 2000e-5.(b)(e)(1). Plaintiff has offered no explanation for the apparent fact that Defendant was never notified of the July 20, 2009 claim other than to assert, incredibly, that "the EEOC and Defendant were on notice of the contested events." (Dock 8). For that reason, this court will not look to Exhibit A for support of Plaintiff's claim.

Exhibit B contains a time stamp and a Notice of Charge of Discrimination issued to the Defendant on January 20, 2010, four days after Plaintiff filed the Charge. While the description of the unlawful employment practice does include Plaintiff's start date at the company, January 2007, she alleges only one discrete instance of discrimination, "a drawing made which I found offensive," which occurred "on or about March, 2009." (See Dock 6-1). Plaintiff argues, however, that listing her start time with the company is sufficient to give notice to the Defendant that harassment as detailed in the complaint occurred prior to March 2009. Plaintiff suggests that the Court should infer that "Plaintiff included her start date because the discrimination existed throughout her entire tenure."(Dock. 8). This argument is utterly without merit. The EEOC form gave Plaintiff every opportunity to detail her allegations, and to affirmatively allege when the conduct of which she complains began. If Plaintiff failed to take that opportunity, she can not now ask the Court to fill in the blanks.

The Third Circuit has generally held that a case resulting from an EEOC Right to Sue Letter is confined to the scope of the EEOC investigation. As expressed in *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 399 (3rd. Cir. 1976), "Courts have generally determined that the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can

reasonably be expected to grow out of the charge of discrimination." (See *Gamble v. Birmingham Southern R.R. Co.*, 514 F.2d 678 (5th Cir. 1975); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970).This makes sense, since the EEOC can only be expected to investigate discrimination that it has been made aware of. Plaintiff's specification of March 1, 2009 as the date on which the discrimination began effectively limited the time frame that the EEOC was charged to investigate. Plaintiff's allegations of discrimination proscribed by Title VII that occurred prior to March, 2009 are thereby barred.[1]

### B. NJ LAD Claims

In addition to alleging claims under the Federal Statute, Plaintiff is also suing under New Jersey's Law Against Discrimination ("LAD"). N.J.S.A. 10: 5 -12. There is a two year statute of limitations for all LAD claims. *Montells v . Haynes*, 627 A.2d 654, 655 ( N.J. Sup. Crt. 1993). Defendant argues that this would bar claims prior to October 18, 2008 because Plaintiff can not establish that there was a continuing violation of employment practice. As the Appellate Division of new Jersey Superior Court held in *Bolinger v. Bell Atlantic* 330 N.J.Super. 300, 306, 749 A.2d 857, 860 (N.J.Super.A.D.,2000) "New Jersey recognizes the existence of a similar 'continuing tort doctrine,' which is unrestricted to discrimination claims and provides that when an

---

[1]The Court notes that the drawing which Plaintiff complained of to the EEOC as having occurred in March, 2009 is also described in the complaint as having occurred in January or February 2009.(See Complaint, ¶ 14). The Court presumes that only one drawing is at issue, since the descriptions are consistent. According to the declaration of Heidi Dreist, Defendant's director of human resources, the drawing was actually made on the evening of February 18, 2009 and was viewed by Plaintiff on February 19, 2009.(see Dock. 9-2). Nonetheless, although this incident occurred prior to March 1, 2009, the Court finds that the drawing as described in the EEOC Charge is not excluded by the administrative bar that applies to all other instances of alleged discrimination that occurred prior to March, 2009.

individual experiences a 'continual, cumulative pattern of tortious conduct' the limitations period begins only when the wrongful action ceases. *Wilson v. Wal-Mart Stores,* 158 *N.J.* 263, 272, 729 *A.*2d 1006 (1999). The doctrine is based on the premise that the conduct becomes tortious and actionable precisely because 'of its continuous, cumulative, synergistic nature.'"*Id.* at 273, 729 *A.*2d 1006 (quoting *Bustamento v. Tucker,* 607 *So.*2d 532, 542 (La.1992)). It is premature at this stage for the Court to determine if Plaintiff can prove a continuous violation that would prevent her claims from being time-barred. Since it is conceivable that Plaintiff can establish a sufficient continuing violation that would allow incidents that occurred prior to October 18, 2008 to be admissible, the Court declines to dismiss the claims asserted in Count III of the Complaint at this time.

## IV.   CONCLUSION

For the above mentioned reasons, the Defendant's motion to dismiss claims pursuant to Title VII is **granted** and the motion to dismiss claims under New Jersey's Law Against Discrimination is **denied**. An appropriate Order follows this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:         July   25 , 2011
Original:     Clerk
cc:           All Counsel of Record
              Hon. Joseph A. Dickson, U.S.M.J.
              File