NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE: | : | |
| EDWARD MCGITTIGAN, | : | |
| Debtor. | : | Civil Action No. 10-5349 (JAP) |
|  | : | Bankr. Case No. 08-29937 (RTL) |
| STEPHEN E. KLAUSNER, | : | |
| Appellant, | : | |
| v. | : | **OPINION** |
| TRUSTEE ANDREA DOBBIN, | : | |
| Appellee. | : | |

PISANO, District Judge.

Presently before the Court is Appellant Stephen E. Klausner's motion to vacate an Order of dismissal entered by this Court on November 4, 2010. Appellee Trustee Andrea Dobbin opposes the motion. For the reasons below, the Court will deny Appellant's motion.

**I.    BACKGROUND**

On September 24, 2010, Appellant filed a notice of appeal from an order of the Bankruptcy Court finding him in contempt and awarding sanctions. The appeal was docketed on October 13, 2010, along with a certification of Appellant's failure to file a designation of record. Appellant then filed a brief and certification with exhibits on November 2, 2010. He did not, however, file a designation of record or statement of issues on appeal as required by Bankruptcy Rule 8006. As a result, this Court entered an Order on November 4, 2010, dismissing

Appellant's appeal in accordance with Bankruptcy Rule 8001(c) for his failure to comply with Rule 8006.

Over seven months later, on June 23, 2011, Appellant filed the instant motion. Therein, although he admits that he made numerous "incorrect assumptions" as to the requisite procedures in Bankruptcy Court, Appellant maintains that, after he filed the notice of appeal in September 2010, a series of missteps and miscommunications with the Clerk's Office of the Bankruptcy Court resulted in him not receiving the transcript he requested until late October 2010.[1]  Klausner Cert. ¶¶ 4-9. He also references a trial in November 2010 that he participated in, and an Ethics Committee investigation and malpractice action filed against him. *Id.* ¶ 16. Appellant contends that he "had originally decided to not file a motion to vacate" this Court's Order of November 4, 2010 and instead "take [his] lumps," but "[o]n reflection that was a mistake." *Id.*  He asserts that the Order should be vacated because he did not have notice or an opportunity to be heard prior to its entry, and because Bankruptcy Rule 8006 did not mandate dismissal of his appeal.

## II.    DISCUSSION

Although Appellant's motion is captioned as a motion to vacate this Court's Order pursuant to Federal Rule of Civil Procedure 60(b)(1), he also moves for relief under the reconsideration standard. Nevertheless, under either standard, his motion will be denied. As an initial matter, New Jersey Local Civil Rule 7.1(i) makes clear that motions for reconsideration "shall be served and filed within 14 days after the entry of the order or judgment on the original motion." Here, however, Appellant filed the instant motion *over seven months* after the Court entered the Order at issue on November 4, 2010. That delay alone provides justification for

---

[1] Appellant admits that he "made an incorrect assumption that the Bankruptcy Court, as a division of the District Court used the same registration, codes and procedures," and also "incorrectly assumed that like the Circuit Court . . . [he] would receive a second notice of failure to file a document." Klausner Cert. ¶¶ 4, 6.  Additionally, despite receiving the certification of his failure to designate the record on October 13, 2010, Appellant proceeded to file a brief but never properly designated the record or filed a statement of issues on appeal.

denying his motion. *See, e.g., In re Hussain*, 2011 WL 1322264, at *3 (D.N.J. Mar. 31, 2011) ("A motion [for reconsideration] filed untimely may be denied for that reason alone.").[2]

Appellant's motion is also deficient under Federal Rule of Civil Procedure 60(b). The remedy provided by Rule 60(b) is "extraordinary, and [only] special circumstances may justify granting it." *Moolenaar v. Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Specifically, Rule 60(b) gives the Court discretion to relieve a party or its legal representative from a final order for only certain reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Here, Appellant bases his request for relief on Rule 60(b)(1). He does not, however, demonstrate special circumstances that rise to the level of excusable neglect or mistake within the meaning of the Rule. Indeed, as detailed above, his motion and accompanying certification focus on his acts of carelessness, "incorrect assumptions," and mistakes of law, which do not constitute grounds for relief under Rule 60(b). *See, e.g. Touristic Enterprises Co. v. Trane, Inc.*, 2011 WL 1127221, at *2 (D.N.J. Mar. 29, 2011) ("attorney's ignorance, carelessness, or mistake of law do not present grounds for relief under Rule 60(b)") (internal citations omitted); *Cottrell v. Good Wheels*, 2011 WL 3361522, at * (D.N.J. Aug. 3, 2011) (attorney's mistake is not a "special circumstance that justifies the extraordinary relief afforded by Rule 60(b)"). Moreover, other than noting that he was involved in other proceedings and decided to "take [his] lumps" in lieu of moving to vacate the Order dismissing his appeal, Appellant offers no justification for

---

[2] The Court also notes that, even if his motion was timely, Appellant has made no showing as to the three primary grounds that warrant granting the "extraordinary remedy" of reconsideration. *See NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (motions for reconsideration will be granted only where "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises.")(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Instead, Appellant focuses on his procedural blunders, and his arguments as to the import of Bankruptcy Rule 8006 are entirely unavailing.

waiting over seven months to file the instant motion. Accordingly, his request for relief under Rule 60(b) is denied.[3]

### III.    CONCLUSION

For the reasons above, Appellant's motion to vacate the Order of dismissal entered by this Court on November 4, 2010 is denied. An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: December 14, 2011

---

[3] Appellant appears to suggest that an analysis under the *Poulis* factors is appropriate. The Court notes that such an analysis weighs overwhelmingly in favor of denying Appellant's motion, particularly in light of his personal responsibility and dilatoriness. *See Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863 (3d Cir. 1984).